IN THE UNITED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION



| | |
|---|---|
| ANTHONY MILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:05 cv922-M |
| vs. | ) CIVIL ACTION NUMBER: |
| | ) JURY DEMAND |
| | ) |
| SOUTHEAST UNLOADING LLC | ) |
| IVEY CRUMP, Jr. | ) |
| | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND JURY DEMAND**

**I.   NATURE OF CASE**

1.   Anthony Miles ["Miles"] bring this case, pursuant to the FLSA, 29 U.S.C. §201 et seq., to recover for being discharged from Southeast Unloading LLC ["Southeast"] as a result of filing a complaint under the Fair Labor Standards Act.  In addition, Miles' termination was discriminatory based on race in violation of the Civil Rights Acts of 1964, 1870 as amended by the Civil Rights Act of 1991.  See  42 U.S.C 1981, 42 U.S.C 1981, and 42 U.S.C. 2000e et seq.

**II.   JURISDICTION**

2.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331.  Venue is proper in the Middle District of Alabama under 28 U.S.C. §1391(b).

3.   Southeast Unloading and Ivey Crump, Jr. are subject to personal jurisdiction in the State of Alabama for the purpose of this lawsuit.

1

## III.   PARTIES

4.      Miles resides in Montgomery, Alabama and worked for the defendant from November 26, 2001 until October 25, 2004.  At all times material to this action, the plaintiff was an "employee" of the defendant as defined by §203(e)(1) of the FLSA.  Miles has also complied with all administrative prerequisites by filing this case within 90 of receipt of his right to sue letter from the U.S. Equal Employment Opportunity Commission.

5.      Southeast Unloading LLC is a limited liability corporation conducting business in Montgomery, Alabama  At all times material to this action, the defendant was an enterprise engaged in commerce or in the production of goods for commerce as defined by §203(s)(1) of the FLSA, and the defendant was the plaintiff's employer as defined by §203(d) of the FLSA.  Southeast Unloading has more than fifteen employees and is also an "employer" under Title VII.

6.      Ivy Crump, Jr. is an owner of Southeast Unloading LLC.  Crump is a proper party under the F.L.S.A 42 U.S.C. §203(a) and 42 U.S.C 1981. Crump is not sued under Title VII of the Civil Rights Act of 1964.

## IV.   RELEVANT FACTS

7.      In June 2004, Miles joined a multi-party suit concerning failure to pay overtime wages. *See Johnson et al v. First Coast Pallet Inc., Southeast Unloading et al*, 3:03 cv-732-J-25HTS formerly pending in the Middle District of Florida.  That case was settled in September 2004.

8.      When Miles joined the lawsuit, Mr. Ivey Crump Jr. stated "I'll get you Miles."  On October 25, Miles was terminated.  Upon information and belief, many other parties to the

lawsuit were also terminated.

9. Southeast Unloading operates a food distribution warehouse in Montgomery, Alabama and other locations. Miles worked in the distribution center warehouse unloading trucks.

10. Miles, under the direction of his supervisor, would according Southeast Unloading's price sheet set prices and collect funds owed for the unloading of trucks. Wayne Geinweinhardt, the dock supervisor, authorized such conduct.

11. On or about October 25, Southeast alleged that Miles without authorization solicited a drivers and took money from such a driver in violation of company rules. However, Miles had been specifically authorized to do that task.

12. Southeast wrongfully accused Miles of unauthorized solicitation of a driver and terminated his unemployment.

13. Miles was following the direction of his supervisor and doing a task he was assigned.

14. White employees in the same job classification were also authorized to solicit drivers and did so without being accused of unauthorized conduct.

V. **CAUSES OF ACTION**

**Count 1 Retaliation for Filed lawsuit**

15. Miles' termination occurred after he consented to join the lawsuit concerning failure to pay overtime.

16. South East Unloading and Ivey Crump, Jr. have willfully and intentionally terminated Miles employment as retaliation for consenting to join the *Johnson* case in violation of in violation of 29 U.S.C. § 215(a)(3). Said retaliation was done maliciously, willfully, and with

reckless disregard for the rights of the plaintiff.

17.   The discharge has caused Miles mental anguish, emotional trauma, and stress. Miles health has been negatively impact by the unlawful termination.

## Count II Fair Labor Standards Act- Failure to Pay Overtime

18.  After Miles settled his lawsuit, Southeast Unloading failed to pay him overtime in the few weeks before his termination.  That conduct violates the Fair Labor Standards Act.

19.  By failing to pay Miles overtime pay as required by 29 U.S.C. 207(a), Southeast was in violation of the Fair Labor Standards act.  That act requires that employees who are paid on piece rate basis must also be compensated for waiting time unless there is an agreement that the total payment incorporates waiting time.

20.   Southeast Unloading also failed to compensate Miles for time worked in excess of forty hours after the signing of the settlement agreement.

## COUNT III TITLE VII AND 42 U.S.C. 1981 RACE DISCRIMINATION

21.   The conduct as alleged in paragraphs 11-14 also violate the Civil Rights Acts of 1870, 1964, as amended in 1991.

22.   Southeast's and Crump's decision to terminate Miles employment was racially discriminatory. Miles was allegedly terminated for "unauthorized" solicitation of drivers. Miles was authorized to solicit drivers.  It was A critical function of Southeast UticWhite employees solicited drivers without being terminated. Miles turned over any and all monies to Southeast.   Any allegation to the contrary is  untrue and reflects discrimination.

23.    As a result of the termination, Miles suffered humiliation, mental anguish, undue stress, and trauma.

24.    Miles has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

### Prayer For Relief

**WHEREFORE**, the plaintiff, prays for the following relief:

1.    Award the plaintiff damages in the amount of his respective unpaid compensation, plus an amount necessary to effect the purposes of 215(a)(3) including but not limited to back pay, compensatory damages, punitive damages, liquidated damages equal amount of liquidated damages pursuant to 29 U.S.C. §216(b), § 215(a)(3).

2.    Enter an Order requiring the defendant to make the plaintiff whole by awarding him reinstatement, lost wages (plus interest), liquidated, compensatory and punitive damages, loss of benefits including retirement, pension, seniority and other benefits of employment;

3.    Award the plaintiff reasonable attorneys' fees, including the costs and expenses of this action, interest, prejudgment interest; and

4.    Award the plaintiff such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which he may be entitled.

### JURY DEMAND

**THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

Respectfully submitted,

*[signature]*

Lee D. Winston
Counsel for the Plaintiff
ASB6407-072L

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS LLC
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205)328-0640
Facsimile No.: (205) 254-1500

<u>DEFENDANT</u>:
SOUTHEAST UNLOADING LLC
1619 Radio Ave.
Yulee, FL 3097