IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY MILES, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) |
| SOUTHEAST UNLOADING LLC, IVEY CRUMP, JR., | ) CIVIL ACTION NO. ) 2:05 CV 922-M ) |
|     Defendant. | ) ) ) |

## SOUTHEAST UNLOADING, INC. AND IVEY CRUMP, JR.'S ANSWER AND DEFENSES

Southeast Unloading LLC and Ivey Crump, Jr., (collectively, "Defendants") hereby answer the respective paragraphs of the Plaintiff's Complaint and Jury Demand ("Complaint") as follows:

1. Denied.

2. Admitted for jurisdictional purposes only.

3. Admitted for jurisdictional purposes only.

4. Defendants are without knowledge as to where Plaintiff resides. Defendants admit that Plaintiff was employed by Southeast Unloading LLC, and was an employee as defined in 29 U.S.C. § 203(e)(1). Defendants deny the remaining allegations of paragraph 4 of the Complaint.

5. Southeast Unloading LLC admits that it is a limited liability corporation conducting business in Montgomery, Alabama. Southeast Unloading LLC admits that it is an "employer" as defined in 42 U.S.C. § 2000e(b) and as defined in 29 U.S.C. § 203(d). Defendants deny the remaining allegations of paragraph 5 of the Complaint.

6. Denied.

7. Defendants admit that Plaintiff opted in to a lawsuit styled *Johnson v. First Coast Pallet, Inc.*, 3:03-cv-732-J-25HTS. Defendants deny the remaining allegations of paragraph 7.

8. Denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

### AFFIRMATIVE DEFENSES

25. All allegations not specifically admitted to above are hereby denied.

26. Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Plaintiff has failed to state a claim upon which relief can be granted.

27. Plaintiff failed to timely file a charge of discrimination with the Equal Employment Opportunity Commission.

28. Plaintiff's claims are barred, in whole or in part, by the statute of limitations for failure of the Plaintiff to institute this action within the time required by law.

29. Plaintiff's claims are barred due to his failure to institute this action within ninety (90) days of receipt of the Notice of Right to Sue.

30. To the extent that Plaintiff is able to demonstrate that race was a motivating factor in any adverse employment action challenged by Plaintiff, Defendants would have taken the same action absent any consideration of race.

31. Plaintiff's claims are barred to the extent that they exceed the scope of his charge of discrimination.

32. Southeast Unloading LLC maintains a well-publicized policy and practice prohibiting discrimination, which policy is communicated, distributed and enforced.  Thus, Southeast Unloading LLC exercised reasonable care to prevent discrimination from occurring.

33. Plaintiff unreasonably failed to avail himself of preventive or corrective opportunities provided by Southeast Unloading LLC or to avoid harm otherwise.

34. Plaintiff's damages are limited to the extent Plaintiff engaged in a dischargeable offense that was not discovered by Southeast Unloading LLC before Plaintiff's termination from employment by Southeast Unloading LLC.

35. Plaintiff's damages are barred or reduced to the extent Plaintiff has failed to mitigate his damages.

36. At all relevant times, Southeast Unloading LLC acted in good faith and in reasonable compliance with all applicable statutes, regulations and administrative rulings and interpretations.

37. Plaintiff is only entitled to compensation for the time spent actually working; preliminary and post-preliminary work is not compensable under the Fair Labor Standards Act ("FLSA").

38. Without admitting that any violations of the FLSA have occurred, the de minimus rule applies to any alleged violations.

39. Plaintiff's claims are barred by virtue of his own acts, conduct, and/or omissions, including, but not limited to, his failure to comply with the prevailing terms, conditions, policies and procedures governing his employment.

40. Plaintiff executed a written Settlement Agreement and Release on September 4, 2004, thereby releasing Southeast Unloading LLC from all claims brought pursuant to the FLSA, any state wage and hour law, and all claims for retaliation. To the extent that any of Plaintiff's claims in this case arose prior to September 4, 2004, they are released pursuant to that agreement. A copy of the Settlement Agreement and Release and of Plaintiff's signed Acknowledgement of Understanding of Settlement Agreement and Release are attached.

41. Defendants have retained the undersigned attorneys and are obligated to pay them a reasonable fee. Pursuant to 42 U.S.C. Section 2000e, *et seq.*, Plaintiff is obligated to pay same.

Respectfully submitted,

_____
Warren B. Lightfoot, Jr.
Attorney for Defendant,
Southeast Unloading LLC

4

OF COUNSEL:

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 AmSouth Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999

**HOLLAND & KNIGHT LLP**
Mark G. Alexander, Esquire
Florida Bar No. 434078
Kelly L. DeGance, Esquire
Florida Bar No. 0606022
50 N. Laura Street, #3900
Jacksonville, FL 32202
Telephone: 904.353-2000
Fax: 904.358-1872

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2005, a copy of the foregoing pleading was filed electronically with the Clerk of the Court by using the CM/ECF system which will send notice of electronic filing to the following: Lee D. Winston, Wiggins, Childs, Quinn & Pantazis LLC, 301 19th Street North, Birmingham, AL 35203.

OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RON E. JOHNSON, ARLENE BARKER, )
DOMINIE BARLOW, JAMAR BRANCH, )
ANDRE BROWN, AARON )
DAVENPORT, ROBERT DOBBINS, )
JESSIE GREEN, RODERICK HALE, )
FRANANDO JACKSON, MARCUS )
JONES, JOSEPH KING, TOMIE )
McDONALD, REGINALD MAHONEY, )
JEFFREY MARTIN, HARRISON )
MATTHEWS, Jr., ANTHONY MILES )
WILLIE MILLER, ANDREW PECK, )
WILLIE J. PETTAWAY, JERRY )
PRICE, and HOWARD ROLLINS, Jr., )
on behalf of themselves and all other )
similarly situated Plaintiffs, )
　　　　　　　　　　　　　　　　　　) Case No. 3:03-cv-732-J-25HTS
　　　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　) JUDGE Henry Lee Adams, Jr.
vs. )
　　　　　　　　　　　　　　　　　　)
FIRST COAST PALLET, Inc., )
SOUTHEAST UNLOADING, LLC and )
IVEY CRUMP, SR., )
　　　　　　　　　　　　　　　　　　)
　　　　　Defendants. )

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("the Agreement") is entered into by and between Ron Johnson, Arlene Barker, Dominie Barlow, Jamar Branch, Andre Brown, Aaron Davenport, Robert Dobbins, Jessie Green, Roderick Hale, Franando Jackson, Marcus Jones, Joseph King, Tomie McDonald, Reginald Mahoney, Jeffrey Martin, Harrison Matthews, Jr., Anthony Miles, Willie Miller, Andrew Peck, Willie J.

Pettaway, Jerry Price, Howard Rollins, Jr. (the "plaintiffs") and First Coast Pallet, Inc., Southeast Unloading, LLC, and Ivey Crump, Sr. (the "defendants").

Whereas plaintiffs filed a lawsuit against the defendants in the U.S. District Court for the Middle District of Florida, Case No. 3:03-cv-732-J-25HTS, asserting that defendants had violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., by failing to pay plaintiffs for overtime as required by the statute; and

Whereas plaintiffs and defendants desire fully and finally to resolve this action;

Therefore, in consideration of the foregoing and based on mutual promises herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, plaintiffs and defendants do hereby agree as follows:

1. Plaintiffs agree that they will not prosecute or otherwise further proceed with this action except as provided in elsewhere in this Agreement.

2. The parties agree that they will submit a joint Motion for Approval of Settlement Agreement within two business days after the Agreement has been signed by the Authorized representatives of the parties.

3. Except as to the obligations set forth in the Agreement, plaintiffs hereby fully, forever, irrevocably, and unconditionally release the defendants from any and all claims, charges, complaints or demands relating to the backpay and overtime claims presented in Case No. 3:03-cv-732-J-25HTS. The Agreement includes release of all claims which were made or could have been made in Case No. 3:03-cv-732-J-25HTS, including claims for retaliation as well as any other claim known or unknown which could be brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, or any other state wage and hour law, including the

2

law of Florida and Alabama up until the date that the Releases are executed. The Agreement is made pursuant to Rule 41, Federal Rules of Civil Procedure, and the parties stipulate to the release of all claims with prejudice, each party to bear its own costs.

4. Defendant Southeast Unloading, LLC shall provide a check in the amount of $146,000 to plaintiffs' counsel, made payable to Woodley & McGillivary, and delivered to Woodley & McGillivary at 1125 Fifteenth Street, NW Suite 400, Washington, DC 20005. The amount is inclusive of backpay, interest, liquidated damages, attorneys' fees, and costs. Woodley & McGillivary will deposit the plaintiffs' share of the check in a trust account for the plaintiffs and send them each their respective share of the damages within 30 days of receiving the money. Woodley & McGillivary will issue a Miscellaneous Income form 1099 to each of the plaintiffs in January 2004 so that they can properly report to state and federal tax agencies the backpay and liquidated damages amounts.

5. Defendant Southeast Unloading, LLC shall provide the check described above with ten business days of the signing of this agreement.

6. Each plaintiff shall provide defendants an individual release as set forth in Exhibit 1 within thirty (30) days from date of execution of the Agreement. Plaintiffs' counsel furthermore stipulates that this Settlement Agreement is binding on the plaintiffs individually, and that plaintiffs' counsel is authorized to settle the action on behalf of each of the plaintiffs as stated in the Agreement .

7. The parties agree that any material breach of the Agreement will be considered to cause irreparable harm to the aggrieved party and will entitle the aggrieved

3

party to any and all remedies available at law or in equity, including injunctive relief.

8. The Agreement will be deemed effective on the day it is approved by the United States District Court for the Middle District of Florida.

9. The Agreement shall be binding upon and inure to the benefit of plaintiffs, their heirs, administrators, executors, representatives, successors, and assigns, and shall also be binding upon and inure to the benefit of defendants, their heirs, administrators, executors, representatives, successors, and assigns.

**IN WITNESS WHEREOF,** the undersigned have hereunto set their hands as of the date noted below.

| | |
|---|---|
| WOODLEY & McGILLIVARY | HOLLAND & KNIGHT LLP |
| By: _____ Date: 9/1/04 | By: _____ Date: 9.1.04 |
| Molly Elkin, Esquire | Mark G. Alexander, Esquire |
| Bar No.: _____ | Fla. Bar No. 434078 |
| Baldwin Robertson, Esquire | Kelly L. DeGance, Esquire |
| Bar No.: _____ | Fla. Bar No. 0606022 |
| 1125 15th Street, NW, Suite 400 | 50 N. Laura St., Suite 3900 |
| Washington, DC 200005 | Jacksonville, FL 32202 |
| (202) 833-8855 | (904) 353-2000 |
| (202) 452-1090 (Facsimile) | (904) 358-1872 (Facsimile) |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

# 2222465_v1

4

ACKNOWLEDGEMENT OF UNDERSTANDING OF
SETTLEMENT AGREEMENT AND RELEASE

I, *Anthony R Miles*, am a Plaintiff to Case No. 3:03-cv-732-J-25HTS ("The Lawsuit") in the United States District Court for the Middle District of Florida. My attorneys in this case are Molly Elkin and Baldwin Robertson of the firm of Woodley & McGillivary. My attorneys have authorization to enter into a settlement agreement as my authorized representative in this case. I have read the Settlement Agreement and Release and I knowingly and voluntarily release defendants First Coast Pallet, Inc., Southeast Unloading, LLC, and Ivey Crump, Sr., from all claims which were made or could have been made in The Lawsuit, including claims for retaliation, as well as any other claim known or unknown which could be brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, or any state wage and hour law, including the law of Florida and Alabama, up until the date of my signature below.

This Acknowledgement form does not in any manner modify the terms of the Settlement Agreement and Release in this case.

*Anthony R Miles*                              9-4-04
(Name of Plaintiff)                              (Date)