UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY MILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CASE NO. 2:05 CV-922-VPM |
| v. | ) | |
| | ) | |
| | ) | |
| SOUTHEAST UNLOADING, LLC and | ) | |
| IVEY CRUMP, JR., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST INTERROGATORIES

Comes now the Plaintiff, **Anthony Miles**, and pursuant to the Federal Rules of Civil

Procedure responds the Defendant, **Southeast Unloading, LLC amd IVEY CRUMP, JR.,** First

Interrogatories and Request for Production as follows:

GENERAL OBJECTIONS

Plaintiff objects to each discovery request to the extent that it may be interpreted to call for the production of documents or information which is privileged, including the attorney/client privilege and the "work product" privilege. The only documents not produced for these reasons in response to Defendant's First Requests for Production to Plaintiffs are:

    a.    Those documents which include correspondence or similar communications from Plaintiffs to their counsel, documents prepared at the request of counsel for the Plaintiff for the purpose of this litigation, and correspondence and documents created by counsel for Plaintiffs and sent to Plaintiffs as a part of this litigation; and

    b.    Documents obtained by Plaintiff's counsel from sources other than the Plaintiffs which constitute attorney work product.

2.    These answers are made by Plaintiffs subject to, and without in any way waiving, or intending to waive any of the following:

    a.    The confidentiality of answers and/or documents produced;

    b.    All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any of the documents referred to or answers given, or the subject matter thereof, in any subsequent

proceeding in or at the trial of this action or any other action.

c.      The right to object to other discovery procedures involving or relating to the subject matter of the interrogatories herein responded to; and

d.      The right at any time to revise, correct, or clarify any of the answers set forth herein or documents produced or referred to herein.

3.      In those responses where documents are tendered, the Plaintiffs will tender the particular document(s) for review by Defendant's counsel at a mutually agreeable time and place. At that time, Defendant's counsel will be permitted to inspect and have copied any documents tendered at a reasonable cost. Further, where said documents include personnel files or proprietary information, said documents will be produced only upon receiving an agreement from Defendant's counsel that this information will be used only for this litigation and will not be disclosed to any other person except for purposes of this litigation.

1.      Identify, give the street address, and give the telephone number for each person who aided in answering these interrogatories.

ANSWER:

Lee Winston, 319 17th Street North, Birmingham, AL. 35203. Phone 205-502-0940

2.      State the Plaintiff's full name and social security number. In providing this information, state all other names Plaintiff has used.

ANSWER: Anthony Randolph Miles. Social Security # ███████

3.      Identify, give the street address, and give the telephone number for each person who has knowledge or information of the facts alleged in the Plaintiff's Complaint herein, and for each person identified, state how that person is employed and describe the respective knowledge or information of each person identified.

2

ANSWER:

.   Please see the initial disclosures.  Miles believes that Kenneth Hirneisen and Chris Morman were aware that Anthony Miles (and others) was assigned job duties which inlcuded pricing trucks, unloading trucksm and collecting money for Southeast Unloading.

Hirneisen and Morman are also aware that Ivey Crump, Jr. expressed an intent to terminate Miles employment after he joined the lawsuit.

Wayne Geinweinhardt is aware that Miles was authorized him to price trucks for unloading, unload the trucks, collect money and issue receipts to the drivers.

These persons are aware that Miles was performing his assigned duties on the day he was terminated.

Miles believes that the former plaintiffs in the previously filed action have knowledge of how the Southeast Unloading responded to the complaints.

Miles additionally identifies the current and former Southeast Unloading Employees: Kevin Crump,  Brian Rester, Arlene Barker, Calvin Smith, Jermaine Snipe, Charles Taylor,

David Gilbert, Terrance Bell, Davarus, and David Barnett,    These persons know about the employment practices.

These current Winn Dixie employees are also possible witnesses to the Southeast Unloading practices as it effected Miles: Jerry Williams, Mathew Wyatt, Larry Hooks

4.        Identify, give the street address, and give the telephone number for each person who Plaintiff contends subjected him to racial discrimination and retaliation as alleged in the Complaint.

ANSWER:

Ivey Crump Jr.Hr, and Wayne Geinweinhardt

3

5.      Specifically state and fully describe each act or omission which Plaintiff contends was racial discrimination or retaliation against him.  In answering this question, state the date the act or omission occurred and the person who committed the act or omission.

ANSWER: Miles was terminated from employment.  This occurred on October 24, 2005 and Ivey Crump, Jr. terminated Miles' employment.

6.      Identify, give the street address, and give the telephone number for each person to whom Plaintiff reported or notified about the racial discrimination or retaliation alleged in the Complaint or otherwise described in response to question 5 above.  In answering this interrogatory, also state the date and manner of the notification.

ANSWER:  Prior to being terminated, Miles alerted Rester Bryan that the work hours were not being properly recorded.

Miles also spoke with Ivey Grump Sr and Ivey Crump Jr. about discriminatory practices.

7.      Specifically state and fully describe each person's response to each notification described in question 6 above.

ANSWER: Rester responded  that Crump Jr. was subjecting the company to criminal and civil liability by failing to properly pay employees.  Miles and others were complaining about still not being properly paid for the hours worked and the lack of a time clock.  The employees were not being paid for wait time and SouthEast Unloading was not tracking the hours an employee worked.

4

The employees had filed and settled a lawsuit over the issue. Rester could not believe that no time clock was being used.

8.    State all sources of income, money, or financial support to Plaintiff for 2001, 2002, 2003, 2004 and 2005 broken down by work week. In answering this question state each source of income and the amount received from each source.

ANSWER:    Plaintiff objects to this interrogatory as unduly invasive and overly burdensome. The defendant is in already in possession of Miles pay records. Notwithstanding the objection, please see Miles' 2004, 2005 tax return and attached w-2 statements outlining employment..

9    Specifically describe Plaintiff's employment history since age 18. In answering this interrogatory identify each employer, the dates of employment, brief description of job duties and responsibilities, and the reason for termination of employment.

ANSWER:

Plaintiff objects to this interrogatory as being unduly invasive and overly burdensome. Mile also objects on the grounds of relevancy to such a request.

Since moving to Alabama in 1997, Miles was employed by Rent-A Center for six months, Henry Dockworks for 3 years, Red Lake Lumber Services. Please see attached resume (bate stamp 0006) for Miles dates of employment.

10.    List the names and business addresses of all physicians, psychotherapists, psychologists, medical facilities and other health care providers by whom or at which Plaintiff has

been examined or treated in the past ten (10) years; and state as to each the dates of examination or treatment and the condition or injury for which Plaintiff was examined or treated.

ANSWER:    Plaintiff objects to this interrogatory on the grounds of relevancy and unduly invasive by asking for 10 years worth of medical records.  Notwithstanding the objection, Miles has been treated by Montgomery Internal East Internal Medicine 7065 Sydney Curve Montgomery, Alabama. Miles was referred to see Dr. Michael Fallon, Kirklin Clinic.  Miles has also been treated at Jackson Hospital (Montgomery,Alabama)

    11.    Describe Plaintiff's efforts to find employment after the events described in the Complaint.  In answering this question, identify, give the street address, and give the telephone number for each prospective employer that Plaintiff has applied for a job with since occurrences of the events described in the Complaint.

ANSWER:    After Miles was terminated he sought employment through a number of methods including review of the Montgomery Advertiser, on-line searching, and visiting the State Employment service. Miles also sought employment from Labor Finders. Miles cannot recall every application for employment but those applications included Hyundai, Mobsis, Lear, and GKN Technologies

    12.    Has Plaintiff ever been convicted of a crime?  If so, state as to each conviction: the specific crime, the date of conviction, and the place of the conviction.

ANSWER:  No


    13.    State whether Plaintiff has ever been a party in a lawsuit or arbitration claim other than the present matter.    If so, state whether Plaintiff was the plaintiff/claimant or

defendant/respondent, the nature of the action, and the date, case number, and court or forum where the suit or arbitration was filed.

ANSWER:    Plaintiff objects to this ground relevancy, unduly burdensome, and not likely to lead to admissible information.  Notwithstanding the objection, Miles has been a party to the following litigation:

Miles previously sued Federal Express in the Southern District of New York, CV-94-4596.

Miles previously sued Southeast Unloading for Fair Labor Standards Act violations in the Middle District of Alabama.

Miles had automobile accident litigation in  Alabama and is unsure of the case number.

Miles filed a state court case in Florida for a business dispute.

14.    Identify the specific work weeks in which Plaintiff claims he was denied overtime in violation of the Fair Labor Standards Act.

ANSWER: Miles was denied overtime in October 2004

15    Identify all facts, documents, witnesses, and all other bases of evidentiary support for the claims made in this case against Southeast Unloading.

ANSWER:

Miles objects to this interrogatory to the extent it seeks work product.  Additionally, the parties are still in the discovery process, Miles will supplement the disclosures and file witness and exhibit lists at the designated time. .

Notwithstanding the objection, Miles was performing his job when he was accused of taking money and unauthorized solicitation of drivers. Miles had not taken any money from his

7

employer.  Witness Hirneisen and Morman were aware that Miles had been asked by his supervisor to collect money from the drivers.

Before being terminated, Miles made the company aware that the pay issues were still being mishandled after a lawsuit.

16.    Identify each expert witness Plaintiff expects to testify at the trial of this case and, with respect to each expert witness:

        a.     state the subject matter upon which the expect (sic) is expected to testify;

        b.     state the substance of the facts to which the expert is expected to testify;

        c.     state the fields of specialty in which the person is an expert;

        d.     state the substance of the opinions to which the expect (sic) is expected to testify;

        e.     provide a summary of the grounds fore each opinion to which the expert is expected to testify;

        f.     identify all documents or source materials used or relied upon by the expert in reaching opinions or arriving at conclusions; and

        g.     identify all reports, memoranda, letters or other documents relating to the issues in this case furnished to Plaintiff by the expert.

ANSWER:

If plaintiff decides to retain an expert, this interrogatory response will be supplemented.

17.    As to Plaintiff's claim for money damages, identify;

        h.     each element or component of the damages (e.g. "back pay") broken down

by work week;

i.    the dollar amount of each such element/component of the damages alleged
      in the Complaint broken down by work week;

j.    any factual or legal assumptions necessary to the computation of each such
      element/component of damages;

k.    the method(s) used to compute each element/component; and

l.    the person who made the computations

ANSWER:

Miles seeks back pay at the rate at approximately $38,800 per year from October 24, 2004 to the

date of trial, plus interest.   Plaintiff will make wage deductions for the w-2(s) attached to his tax

return 2005 and 2006 year income at the conclusion of this year.   This calculation will be have to

be supplemented.  Without mitigation and interest calculations, the current number is approximately

$19,249.88, plus pre and post judgment interest.

Miles also seeks the value of lost benefits approximately $5,000.00

Miles also seeks reimbursement for unpaid medical bills and late fees as a result of being

terminated.  Copies are attached to the request for production response.

Miles seeks compensatory and punitive damages in an amount to be determinated

by a jury.

18.    Beginning with the start date of Plaintiff's employment with Southeast Unloading,

identify and describe with particularity in chronological order, all positions of employment held by

Plaintiff, and, with respect to each position, describe with particularity the amount, method, and form

of Plaintiffs' compensation broken down by each week worked.

ANSWER: Miles worked as unloader, supervisor and unloader.

# A F F I D A V I T

STATE OF ALABAMA

COUNTY OF JEFFERSON

Before me, the undersigned authority, personally appeared Anthony R. Miles, who being first duly sworn, deposes and says that he is the Plaintiff in the above-styled case, and that the foregoing Answers to Interrogatories are true and correct to the best of his knowledge, information and belief.

_____
Affiant

Sworn to and subscribed to before me this 15th day of _____, 2006.

_____
Notary Public, State of Alabama

Pamela R. Tabb
_____
(Print or type name)
My Commission Expires: 03/13/2007
Serial Number:

11