IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTHONY MILES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05-cv-922-WKW |
| | ) | |
| SOUTHEAST UNLOADING LLC, | ) | |
| and IVEY CRUMP, JR., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The case is before the court on the parties' Joint Motion for Approval of Settlement

Agreement and Request for Entry of Final Order of Dismissal With Prejudice (Doc. # 27). For the

reasons stated below, the motion will be granted.

Anthony Miles ("Miles") brought this action pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201-219, alleging that his employer, Southeast Unloading, Inc.

("Southeast"), failed to pay him overtime wages in violation of § 207(a), and alleging that Southeast

and its owner, Ivey Crump. Jr. ("Crump"), discharged him in retaliation for making such claim in

violation of § 215(a)(3).[1] The defendants denied the allegations in the complaint. Miles and

Southeast and Crump represent that they negotiated a Settlement Agreement and General Release

("Agreement") to avoid the costs and uncertainty of litigation. The parties filed the confidential

Agreement under seal for the court's review.

---

[1] Miles also alleged a Title VII claim against Southeast and a 42 U.S.C. § 1981 claim against Southeast and
Crump. *See* Compl. ¶¶ 5-6, 22.

Because the FLSA was enacted to protect workers from poor wages and long hours that can result from great inequalities in bargaining power between employers and employees, the FLSA's provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945). One exception to the prohibition on settlement is when, in an employee's private action for back wages under 29 U.S.C. § 216(b), the district court reviews the parties's proposed settlement and, finding that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," enters it as a stipulated judgment. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982).

The court finds that Miles's claim includes bona fide disputes over FLSA provisions. Upon review of the Agreement, the court finds that the settlement is a fair and reasonable resolution of the bona fide disputes. Accordingly, it is ORDERED that:

1. The parties' Joint Motion for Approval of Settlement Agreement and Request for Entry of Final Order of Dismissal With Prejudice (Doc. # 27) is GRANTED;

2. The Agreement is approved;

3. Pursuant to the Agreement, this lawsuit is DISMISSED with prejudice, with the parties to bear their own costs.

An appropriate judgment will be entered.

DONE this 18th day of January, 2007.

_____/s/   W.  Keith Watkins_____
UNITED STATES DISTRICT JUDGE